IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

APRIL BUSHEY, on behalf of A.B.,

        Plaintiff,

v.                         Civil Action No.
                              8:13-CV-1154 (DEP)

CAROLYN A. COLVIN, Commissioner of
Social Security,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

ANDERSON LAMB &               ARTHUR P. ANDERSON, ESQ.
 ASSOCIATES P.C.
P.O. Box 1624
Burlington, VT 05402-1624

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN      SANDRA M. GROSSFELD, ESQ.
United States Attorney for the        Special Assistant U.S. Attorneys
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 8, 2014, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: September 10, 1024
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
APRIL BUSHEY, ON BEHALF OF A.B.,


vs.                                          13-CV-1154

COMMISSIONER OF SOCIAL SECURITY.
------------------------------------------------------x
```

         Transcript of *DECISION* held on September 8, 2014,

at the James Hanley U.S. Courthouse, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.


                    A P P E A R A N C E S

```
For Plaintiff:      ANDERSON LAMB AND ASSOCIATES PC
(Via Telephone)     PO Box 1624
                    Burlington, Vermont 05402-1624
                      BY:  ARTHUR P. ANDERSON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
(Via Telephone)     Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York 10278
                      BY:  SANDRA M. GROSSFELD, ESQ.
```

1      (In chambers, via telephone:)

2      THE COURT: I thank you both for excellent
3 presentations.
4      I have before me a request for review of a
5 Commissioner's determination pursuant to 42, U.S. Code,
6 Section 405(g).
7      By way of background, the infant plaintiff, I'll
8 refer to her as, was born in November of 2000. She's now 13.
9 She was 9 when her application was filed and 11 at the time
10 of the hearing in this matter. At the time of the hearing
11 she was in sixth grade. She was in Malone middle school and
12 not in special education classes.
13      She treats with her regular pediatrician,
14 Dr. Benardot. She is not seeing a psychiatrist, although she
15 does receive counseling from a therapist. She has been
16 diagnosed with attention deficit and hyperactivity
17 disorder -- or ADHD -- or at least with symptoms of that, as
18 well as oppositional defiant disorder. She's treated with
19 various medications, including currently Concerta and
20 previously Adderall.
21      Procedurally, she applied for -- or her mother
22 applied on her behalf for supplemental security income
23 benefits on June 10, 2010, alleging an onset date of
24 January 1, 2009. An administrative hearing was conducted by
25 Administrative Law Judge Carl Stephan on December 14, 2011.

1  ALJ Stephan issued a decision on December 22, 2011, finding
2  that the infant plaintiff was not disabled at the relevant
3  times and denying her benefits.  That became a final
4  determination of the agency when the Social Security
5  Administration Appeals Council denied review on July 15,
6  2013.
7          In his decision ALJ Stephan, who I have a high
8  regard for, went through the analysis required for childhood
9  disability, did not find that the plaintiff meets or
10 medically equals any of the various listed presumptively
11 disabling conditions that he referenced with regard to her
12 conditions.
13         And then went to the functional equivalent
14 analysis, finding that the plaintiff had less than marked
15 limitations in the domains of acquiring and using
16 information, attending and completing tasks, caring for
17 oneself, found no limitations in the domain of health and
18 physical well-being and found marked limitation in the area
19 of interacting and relating with others.  Also found no
20 limitations in moving and manipulating objects and concluded
21 that there was no functional equivalence.
22         Obviously, the Court's review is extremely
23 deferential.  My role is to determine whether the
24 Commissioner's decision was supported by substantial evidence
25 and was the product of proper legal principles being applied.

1 Substantial evidence has been defined as such relevant
2 evidence as a reasonable mind might accept as adequate to
3 support a conclusion.  I understand completely that it's not
4 the Court's function to weigh evidence.  It is the
5 administrative law judge's prerogative.
6     First, turning to the new evidence argument.  New
7 evidence to be considered as having been properly submitted
8 and relevant must be new material and not cumulative and must
9 relate to the period on or before the administrative law
10 judge's decision.  I don't believe that the records that were
11 submitted to the Appeals Council fall into that category and
12 so I don't find any error in that regard.
13     I similarly don't find a failure to develop the
14 record.  The administrative law judge had the benefit of
15 Dr. Benardot records and, although he did not submit what we
16 would typically see as a functional residual functional
17 capacity or functional analysis, none the less, I don't find
18 that the ALJ had a duty to recontact Dr. Benardot.
19     Turning to the issue of functional equivalence
20 because I don't understand plaintiff to be arguing that the
21 plaintiff meets or medically equals any of the listed
22 determinations, functional equivalence is the next issue.
23 Obviously, it's well-established that, under the Social
24 Security Act and the Commissioner's regulations, there are
25 six domains to be considered.

1      A finding of an extreme limitation in one or a
2 finding of marked in two or more requires a finding of
3 functional equivalence.  A marked limitation exists when the
4 impairment interferes seriously with the claimant's ability
5 to independently initiate, sustain or complete activities.
6      A marked limitation may arise when several
7 activities or functions are impaired or even when only one is
8 impaired, as long as the degree of limitation is such as to
9 interfere seriously with the ability to function, based upon
10 age appropriate expectations, independently, appropriately
11 effectively and on a sustained basis.
12      An extreme limitation is one that interferes very
13 seriously with the claimant's ability to independently
14 initiate, sustain or complete activities.  The focus really
15 of our discussion has been on the domain of caring for
16 oneself.
17      Again, I completely agree with the Commissioner
18 that it is the prerogative of the administrative law judge to
19 evaluate the evidence and make a determination.
20      In this case there really is a limited font of
21 evidence bearing on this issue.  There is Dr. Hartman's
22 evaluation.  However, that occurred in October of 2008,
23 even before the alleged onset date in this case.  We have
24 Dr. Alpert's non-examining consultative report.  We have
25 reports from Ms. Van Riper, the fifth grade teacher for the

1 plaintiff, and Ms. Brown, the sixth grade teacher. We have
2 Dr. Benardot's notes and there are some other educational
3 records but those are primarily the sources of information
4 that bear on this domain.
5 The domain of caring for oneself is defined as
6 follows: We consider how well you maintain a healthy
7 emotional and physical state, including how well you get your
8 physical and emotional wants and needs in appropriate ways;
9 how you cope with stress and changes in your environment; and
10 whether you take care of your own health, possessions and
11 living area.
12 I know that ten people might review this record and
13 arrive at different results and four may go one way and six
14 may go the other way and, again, I know it's the prerogative
15 of the Commissioner in the end to weigh that.
16 However, I can't overlook the fact that both the
17 fifth grade teacher, Ms. Van Riper, and the sixth grade
18 teacher, Ms. Brown, answering questionnaires in this domain
19 that are on a form prepared by the Social Security
20 Administration, found serious problems in two domains,
21 according to Ms. Brown, and -- I'm sorry, I shouldn't say
22 domains -- two areas within this domain. That's at Page 201.
23 And at Page 210, Ms. Van Riper found very serious problems in
24 one, two, three, four of the ten factors or categories within
25 this domain and when I consider that and those being people

7

Bushey v. Comm. of Soc. Sec. - 13-CV-1154


1  who are perhaps most familiar with the plaintiff, certainly
2  the most contemporaneous of all of the records other than
3  Dr. Benardot, I would have looked for a more rich discussion
4  from Administrative Law Judge Stephan as to why he ruled out
5  a marked limitation in this area.  And his discussion is one
6  paragraph and his discussion of Ms. Brown and Ms. Van Riper's
7  determinations basically are limited to two sentences.
8        So, this is a case that I think falls squarely
9  within one that was cited by the plaintiff, *Woodall versus*
10 *Colvin*.  It's not reported but it's 2013 WL 4710516 from the
11 Northern District of Ohio, August 29, 2013.
12       I think that on remand with a fuller discussion,
13 this administrative law judge, or whoever is assigned to the
14 case, may well reach the same conclusion but I find that the
15 decision of the ALJ does not give sufficient rationale for
16 his determination, particularly in this domain, to permit
17 meaningful judicial review.
18       So I will grant judgment on the pleadings to the
19 plaintiff.  I will remand without a finding of disability for
20 further proceedings consistent with this decision.
21       Again, I thank you both.  I will issue a decision
22 shortly memorializing this determination.
23       SPEAKER 2:  Thank you, your Honor.
24       DEFENSE COUNSEL:  Thank you, your Honor.
25       THE COURT:  Thank you.

1     (Proceedings adjourned, 4:25 p.m.)

C E R T I F I C A T I O N

       I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____
DIANE S. MARTENS, FCRR